IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAVITT,

       Plaintiff,

vs.                                                                                                         No. CIV 19-0073 JB\KRS

JANE DOE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed January 25, 2019 (Doc. 2)("Application"); and (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 25, 2019 (Doc. 1)("Complaint"). Plaintiff Michael Davitt appears pro se. For the reasons set out below, the Court will: (i) grant Davitt's Application; and (ii) grant Davitt leave to amend his Complaint.

## PROCEDURAL BACKGROUND

Davitt filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Davitt asserts an "8th Amendment of the U.S. Constitution - Cruel & Unusual Punishment" claim against a "Medical Screener" at the Otero Federal Prison in Chaparral, New Mexico, who is "responsible for screening new prisoners for medical problems" Complaint ¶ A(2) at 1. Davitt alleges: "Plaintiff exersized [sic] his legal right to deny a medical screening and the medical screener ordered my mattress be taken from me, for 11 days as well as my clothing, and made me sleep on a steel bed frame." Complaint ¶ B(1) at 2-3.

Davitt's Application states that: (i) he is "unable to pay the costs of these proceedings; (ii) he is unemployed; (iii) his "[a]verage monthly income amount during the past 12 months" is $916.00 in "Disability;" (iv) he has "$07.00" in cash and "$7" in a bank account;" and (v) his "average monthly expenses" total $1,156.00. Application at 1-5. Davitt signed an "Affidavit in Support of the Application," declaring under penalty of perjury that the information he provides in the Application is true. Application at 1.

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> "When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]"

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(quoting Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kan., 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co.,

335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Dep't, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

The district court may grant a motion to proceed IFP even if the court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [that standard applied to] formal pleadings drafted by

---

[1] At the time of the ruling in Brewer v. City of Overland Park Police Dep't, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Dep't, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon 935 F.2d at 1110. The Court should liberally construe the pro se litigant's factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. Moreover, "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## **LAW REGARDING SUA SPONTE DISMISSAL UNDER § 1915**

The Court has discretion to dismiss an IFP complaint sua sponte pursuant to § 1915(e)(2)(B)(i) "at any time if the action . . . is frivolous or malicious." In this context, frivolous is defined as "the inarguable legal conclusion [and] the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). If there is an "*arguable*" claim for relief, dismissal for frivolousness under § 1915 is improper." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)(emphasis in original)(citing Neitzke v. Williams, 490 U.S. at 328). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims with clearly baseless factual contentions. See Neitzke v. Williams, 490 U.S. at 327; Hall v. Bellmon, 935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992)(quoting Neitzke v. Williams, 490 U.S.

at 325). The court's initial assessment of frivolity, however, "must be weighted in favor of the plaintiff." Denton v. Hernandez, 504 U.S. at 32.

The court also has discretion to dismiss an IFP complaint under § 1915 (2)(B)(ii) for failure to state a claim on which relief may be granted. A court should dismiss a pro se litigant's complaint for failure to state a claim only when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley v. Perry 246 F.3d 1278, 1281 (10th Cir. 2001)(quoting Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999)).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'"patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights -- substantive rights must come from the Constitution of the United States or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights . . . ." (internal quotation marks, alteration, and citation omitted)). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

There is no respondeat superior liability for a constitutional deprivation under Section 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 ("Because vicarious liability is inapplicable to Bivens[2] and Section 1983 suits, a plaintiff must plead that each Government-official defendant,

---

[2]In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment to the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.

through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that supervisory liability under Section 1983 requires "an affirmative link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d 1185, 1200-01 (10th Cir. 2010)(quoting Rizzo v. Goode, 423 U.S. at 371). A specific case that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court concluded, in Rizzo v. Goode, that there was a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d at 1199). The Ashcroft v. Iqbal

language that may have altered the landscape for supervisory liability is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights. . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199. The Tenth Circuit notes, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. The Tenth Circuit used this conclusion as the basis of its test for supervisory liability under Section 1983:

> A plaintiff may [ ] succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

Dodds v. Richardson, 614 F.3d at 1199-1200

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their

liability.  See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006))(internal quotation marks omitted).

## LAW REGARDING CRUEL AND UNUSUAL PUNISHMENT CLAIMS

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Helling v. McKinney, 509 U.S. at 31)(internal quotation marks and citations omitted).  In the context of alleged deprivations of certain necessities, prison officials are liable for violating an inmate's right to humane conditions of confinement when two requirements are met.  First, the deprivation alleged must be "objectively, 'sufficiently serious,'" resulting in a denial of the "minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. at 298; Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the officer must exhibit "deliberate indifference to [the] inmate['s] health or safety." Adkins v. Rodriguez, 59 F.3d at 1037 (internal quotation marks and citations omitted).  Deliberate indifference requires that the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Farmer v. Brennan, 511 U.S. at 847)(internal quotation marks omitted).

## LAW REGARDING PRISON RETALIATION CLAIMS

Prison officials may not retaliate against or harass inmates because of the inmate's exercise of his or her constitutional rights, including filing internal prison grievances or initiating lawsuits.  See Fogle v. Pierson, 435 F.3d 1252, 1264 (10th Cir. 2006); Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990).  A retaliation claim's elements are: (i) the plaintiff engaged in constitutionally protected activity; (ii) the defendant responded by causing an injury that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (iii)

the plaintiff's protected activity substantially motivated the defendant's action. See Gee v. Pacheco, 627 F.3d 1178, 1182 (10th Cir. 2010)(internal quotation marks and citations omitted). An inmate is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Therefore, the plaintiff must allege specific facts showing that, "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Peterson v. Shanks, 149 F.3d at 1144 (quotations omitted). See Sherratt v. Utah Dep't of Corr., 545 F. App'x 744, 747 (10th Cir. 2013)(unpublished).

## ANALYSIS

Having carefully reviewed the Complaint, the Application, and the relevant law, the Court will: (i) grant Davitt's Application; and (ii) grant Davitt leave to amend his Complaint.

The Court will grant Davitt's Application to proceed in forma pauperis, because: (i) he signed the Application stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; (ii) Davitt's monthly expenses of $1,156.00 exceed his monthly income of $916.00; (iii) Davitt is unemployed; and (iv) Davitt has $7.00 in cash and $7.00 in a bank account. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis],"

28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on Doe, because the Court is granting Davitt leave to amend his Complaint.

The Complaint does not state a civil rights claim for cruel-and-unusual punishment. To state a claim for cruel-and-unusual punishment, a plaintiff must assert (i) the deprivation was objectively serious; and (ii) the officer exhibited deliberate indifference -- knowledge pertaining to a substantial risk of serious harm and inaction to remedy the harm -- to an inmate's health and safety. See Adkins v. Rodriguez, 59 F.3d at 1037. While Davitt's sleeping situation may have been uncomfortable, Davitt has not alleged that the situation had a substantial risk of serious harm to his health or safety or that Doe knew that Davitt faced a substantial risk of serious harm to his health or safety. Therefore, Davitt has not alleged a civil rights claim for cruel-and-unusual punishment against Doe.

If Davitt is asserting a retaliation claim, the Court will grant Davitt leave to amend the complaint to flesh out this claim. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and must construe the facts alleged by a pro se plaintiff liberally. See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989); Northington v. Jackson, 973 F.2d at 1520-21. Davitt alleges that he "exersized [sic] his legal right to deny a medical screening and the medical screener ordered my mattress be taken from me, for 11 days as well as my clothing, and made me sleep on a steel bed frame," but does not allege any facts showing that the plaintiff's protected activity substantially motivated Doe's action. See Gee v. Pacheco, 627 F.3d 1178, 1182. (10th Cir. 2010). Consequently, Davitt has not stated the last element of the retaliation claim. See Peterson v. Shanks, 149 F.3d at 1144 (quotations omitted)(stating that a plaintiff must allege

specific facts showing that, "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place"). Davitt needs to demonstrate that Doe had his mattress and clothes removed only to retaliate against his assertion of his constitutional rights. While the Court cannot supply facts to make the plaintiff's retaliation claim plausible, the Court does not find that allowing the plaintiff to amend his complaint would necessarily be fruitless. Therefore, the Court provides leave for Davitt to amend the complaint.

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed January 25, 2019 (Doc. 2), is granted; (ii) the Court grants Davitt leave to amend the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 25, 2019 (Doc. 1).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Davitt
Mesquite, Nevada

    *Plaintiff pro se*