# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAVITT,

      Plaintiff,

vs.                                                                    No. CIV 19-0073 JB\KRS

JANE DOE,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 22, 2019 (Doc. 9)("Amended Complaint"). Plaintiff Michael Davitt appears pro se. For the reasons set out below, the Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

### PROCEDURAL BACKGROUND

Davitt filed his original Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint, filed January 25, 2019 (Doc. 1). Davitt asserted an "8th Amendment of the U.S. Constitution -- Cruel & Unusual Punishment" claim against a "Medical Screener" at the Otero Federal Prison in Chaparral, New Mexico, who is "responsible for screening new prisoners for medical problems" Complaint ¶ A(2), at 1. Davitt alleged: "Plaintiff exersized [sic] his legal right to deny a medical screening and the medical screener ordered my mattress be taken from me, for 11 days as well as my clothing, and made me sleep on a steel bed frame." Complaint ¶ B(1), at 2-3.

After reviewing the original Complaint, the Court stated:

The Complaint does not state a civil rights claim for cruel-and-unusual punishment. To state a claim for cruel-and-unusual punishment, a plaintiff must assert (i) the deprivation was objectively serious; and (ii) the officer exhibited deliberate indifference -- knowledge pertaining to a substantial risk of serious harm and inaction to remedy the harm -- to an inmate's health and safety.  See Adkins v. Rodriguez, 59 F.3d [1034, 1037 (10th Cir. 1995)].  While Davitt's sleeping situation may have been uncomfortable, Davitt has not alleged that the situation had a substantial risk of serious harm to his health or safety or that Doe knew that Davitt faced a substantial risk of serious harm to his health or safety.  Therefore, Davitt has not alleged a civil rights claim for cruel-and-unusual punishment against Doe.

If Davitt is asserting a retaliation claim, the Court will grant Davitt leave to amend the complaint to flesh out this claim.  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  [Bell Atl. Corp. v. ]Twombly, 550 U.S. [544, 570 (2007)("Twombly")].  Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and must construe the facts alleged by a pro se plaintiff liberally.  See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989); Northington v. Jackson, 973 F.2d [1518, 1520-21 (10th Cir. 1992).  Davitt alleges that he "exersized [sic] his legal right to deny a medical screening and the medical screener ordered my mattress be taken from me, for 11 days as well as my clothing, and made me sleep on a steel bed frame," but does not allege any facts showing that the plaintiff's protected activity substantially motivated Doe's action.  See Gee v. Pacheco, 627 F.3d 1178, 1182 (10th Cir. 2010).  Consequently, Davitt has not stated the last element of the retaliation claim.  See Peterson v. Shanks, 149 F.3d [1140, 1144 (10th Cir. 1998)] (quotations omitted)(stating that a plaintiff must allege specific facts showing that, "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place").  Davitt needs to demonstrate that Doe had his mattress and clothes removed only to retaliate against his assertion of his constitutional rights.  While the Court cannot supply facts to make the plaintiff's retaliation claim plausible, the Court does not find that allowing the plaintiff to amend his complaint would necessarily be fruitless.  Therefore, the Court provides leave for Davitt to amend the complaint.

Davitt v. Doe, No. CIV 19-0073 JB\KRS, 2019 WL 4671521, at *6 (D.N.M. Sept. 25, 2019)

(Browning, J.)("Order Granting Leave to Amend").

Davitt filed his Amended Complaint using the form "Civil Rights Complaint Pursuant to

42 U.S.C. § 1983."  Amended Complaint at 1.  Davitt asserts an "8th Amend., Cruel & Unusual

Punishment and PSDA -- Act of Congress, 1990" claim against a "Jane Doe" "Medical Screener."

Amended Complaint ¶¶ A(2) at 1, C(1) at 5.  Davitt alleges:

Plaintiff exersized [sic] his right to decline a medical physical.  The defendant then caused the plaintiff to sleep without any clothes on a steel bed-frame for 11 days.  Defendant had my clothes and mattress removed from plaintiffs' cell.  The reason the defendant took this action is because plaintiff declined a medical physical, which was what motivated the defendant to take this action!

Amended Complaint ¶ B(1), at 2-4.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING IN FORMA PAUPERIS COMPLAINTS

The Court has discretion to dismiss an in forma pauperis complaint sua sponte pursuant to § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i).  The Court also has discretion to dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  To survive dismissal under

rule 12(b)(6), a plaintiff must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the context of a pro se complaint, the Court applies the same legal standards that apply to pleadings that counsel draft, but liberally construes the complaint's allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights . . . ." (internal quotation marks, alteration, and citation omitted)). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting 42 U.S.C § 1983 and citing Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 ("Because vicarious liability is inapplicable to Bivens[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court of the United States held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.  See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(citing 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11–0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199.  The Tenth Circuit has noted, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983

causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognizes that there must be "an affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"  Dodds v. Richardson, 614 F.3d at 1200-01.  The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson,  614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).  The Tenth Circuit notes that the Supreme Court concluded in Rizzo v. Goode that there was a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations."  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

### LAW REGARDING CRUEL AND UNUSUAL PUNISHMENT CLAIMS

"'It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'"  Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993))(internal quotation marks omitted).  In the context of alleged deprivations of certain necessities, prison officials are liable for violating an inmate's right to humane conditions of confinement where two requirements are met.  First, the deprivation alleged must be "objectively, 'sufficiently serious,'" resulting in a denial of the "minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 511 U.S. 294, 298 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  Second, the officer must exhibit "'deliberate indifference to [the] inmate['s]

health or safety.'"  Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Farmer v. Brennan, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. at 298)).  Deliberate indifference requires that the official "'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'"  Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Farmer v. Brennan, 511 U.S. at 847).

## LAW REGARDING PRISON RETALIATION CLAIMS

Prison officials may not retaliate against or harass inmates because of the inmate's exercise of his or her constitutional rights, including filing internal prison grievances or initiating lawsuits.  See Fogle v. Pierson, 435 F.3d 1252, 1264 (10th Cir. 2006); Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990).  A retaliation claim's elements are: (i) the plaintiff engaged in constitutionally protected activity; (ii) the defendant responded by causing an injury that "would chill a person of ordinary firmness from continuing to engage in that activity;" and (iii) the defendant's action was substantially motivated as a response to the plaintiff's protected activity.  Gee v. Pacheco, 627 F.3d 1178, 1182, 1195 (10th Cir. 2010)(quoting Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007)).  An inmate is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity."  Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).  The plaintiff must therefore allege specific facts showing that, "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action would not have taken place."  Peterson v. Shanks, 149 F.3d at 1144 (quotations omitted).

## ANALYSIS

Having carefully reviewed the Amended Complaint and the relevant law, the Court will dismiss this case for failure to state a claim upon which relief can be granted.  The Amended

Complaint does not state a civil rights claim for cruel-and-unusual punishment.  The Court explained that Davitt's original Complaint did not state a claim for cruel-and-unusual punishment, because, "[w]hile Davitt's sleeping situation may have been uncomfortable, Davitt has not alleged that the situation had a substantial risk of serious harm to his health or safety or that Doe knew that Davitt faced a substantial risk of serious harm to his health or safety."  Order Granting Leave to Amend at 11, 2019 WL 4671521, at *5.  Davitt's Amended Complaint does not state a civil rights claim for cruel-and-unusual punishment against Doe, because the Amended Complaint does not allege that the situation had a substantial risk of serious harm to his health or safety or that Doe knew that Davitt faced a substantial risk of serious harm to his health or safety.

If Davitt is asserting a retaliation claim, the Amended Complaint does not state a civil rights claim for retaliation.  The Court explained that the original Complaint did not state a claim for retaliation, because Davitt did not "allege any facts showing that the plaintiff's protected activity substantially motivated Doe's actions."  Order Granting Leave to Amend at 11.  Davitt's Amended Complaint does not state a civil rights claim for retaliation.  While the Amended Complaint states that Davitt's refusal to undergo a medical physical "was what motivated the defendant to take this action," the Amended Complaint does not allege specific facts showing that, but for the retaliatory motive, the incidents to which Davitt refers would not have taken place.  Amended Complaint at 3-4.  See Twombly, 550 U.S. at 555 (stating that, under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations).  Davitt must allege specific facts, because, as it is currently written, his statement that the defendant took the action because of his refusal to consent to the medical examination is conclusory.

- 9 -

The Amended Complaint does not state a claim under the Patient Self-Determination Act, 42 CFR §§ 489.100-04.  <u>See</u> Amended Complaint at 5 (referring to "PSDA-Act of Congress, 1990").  The Patient Self-Determination Act requires that a "hospital that accepts Medicare and Medicaid payments must give an adult individual who is 'receiving medical care' as an inpatient written material explaining the rights to refuse treatment and to create an advance directive under state law."  <u>Winfield v. Mercy Hosp. and Med. Ctr.</u>, 591 F. App'x. 518, 519 (7th Cir. 2015)(unpublished).  There are no allegations regarding whether Doe disclosed information about healthcare decision-making to Davitt.  The Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii)("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS ORDERED** that: (i) this case is dismissed without prejudice; and (ii) the Court will issue a separate Order entering Final Judgment in this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Davitt
Rochester, Minnesota

     *Plaintiff pro se*